IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LOREN TARABOCHIA, | Case No. 6:11-cv-00547-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| CLATSOP COUNTY, ET AL., | |
| Defendant. | |

AIKEN, District Judge:

Yesterday both parties had several objections to the jury instructions. These objections were about whether § 1997e(e) of the PLRA barred Plaintiff's claim for emotional distress damages and whether Plaintiff could sustain a damages claim for "loss of liberty" either in addition to or instead of the claim for emotional distress damages. I will explain my decision with respect to both of these issues in turn.

///

///

///

Page 1 – OPINION AND ORDER

## I. Section 1997e(e) of the PLRA

First, with respect to the § 1997e(e) issue, Plaintiff's trial memorandum states that he believed § 1997e(e) of the PLRA was an affirmative defense that should have been raised by Defendants. Section 1997e(e) simply states that prisoners cannot sustain claims for emotional damages without a showing of physical injury. *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015).

In *Douglas v. Yates,* the Eleventh Circuit explained that § 1997e(a), which requires prisoners to exhaust administrative remedies before filing in federal court, was interpreted by the Supreme Court in *Jones v. Bock* to be an affirmative defense and that § 1997e(e)'s language is similar to §1997e(a). 535 F.3d 1316, 1320–21 (11th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199 (2007)). The Eleventh Circuit stated that it would therefore "contravene normal rules of statutory construction" to interpret the two provisions differently. *Id.* at 1320. The Ninth Circuit has also interpreted § 1997e(a) as an affirmative defense in *Albino v. Baca*. 747 F.3d 1162, 1166 (9th Cir. 2014).

After reviewing the language of §1997e(a) and §1997e(e), I find the Eleventh Circuit's reasoning persuasive because "similar language contained within the same section of a statute must be accorded a consistent meaning." *Douglas*, 747 F.3d at 1320–21. Section 1997e(e) is therefore an affirmative defense which, like most other defenses, must be pled in a timely manner in a defendant's responsive pleading or else it is waived. *See e.g., Nardi v. Stewart*, 354 F.3d 1134, 1140 (9th Cir. 2004) ("There is no dispute that AEDPA's statute of limitations is an affirmative defense . . . Accordingly, [FRCP] 8(c) and

12(b) require that the state raise the statute of limitations in its first responsive pleading to avoid waiving the defense.").

The Ninth Circuit has said in cases such as *Wyshak v. City National Bank* that plaintiffs must have fair notice of an affirmative defense. 607 F.2d 824, 827 (9th Cir. 1979); *see also Simmons v. Navajo Cnty, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010). Districts courts have discretion to allow an affirmative defense if it's not prejudicial to the plaintiff even though it wasn't raised in accordance with Rule 8 of the Federal Rules of Civil Procedure. *Simmons*, 609 F.3d at 1023.

Here, however, the defense had two opportunities to raise this defense—both in the answer to the first amended complaint (doc. 18) in 2012 and also in their answer to the second amended complaint (doc. 152) in 2018. They neglected to do so in both instances despite being required to by Rule 8(c) of the Federal Rules of Civil Procedure. Nor did they include it in any dispositive motions before or after discovery. I see no reason to make an exception and allow the affirmative defense to be raised in the middle of trial as it would be highly prejudicial to Plaintiff. I will therefore allow Plaintiff's claim for emotional damages to proceed.

## II. Loss of Liberty Damages

With respect to the loss of liberty damages, in his second objection Plaintiff asked the Court to instruct the jury to award damages for "loss of liberty" to Mr. Tarabochia in lieu of or in addition to emotional distress damages.

In *Memphis Community School District v. Stachura*, the Supreme Court has held that damages may not be awarded under 1983 to compensate the abstract value or

Page 3 – OPINION AND ORDER

importance of constitutional rights. 477 U.S. 299, 299 (1986); *see also Sloman v. Tadlock*, 21 F.3d 1462, 1472 (9th Cir. 1996). Additionally, damages are not presumed to flow from every constitutional violation but in *Carey v. Piphus* the Supreme Court held that presumed damages can be appropriate when there is a great likelihood of injury coupled with great difficulty in proving damages. 435 U.S. 247, 264 (1978). In *Trevino v. Gates*, while citing *Memphis School District*, the Ninth Circuit stated that "a presumed damage instruction is not required when the jury was fully authorized to compensate respondent for both monetary and nonmonetary harms caused by petitioners' conduct." 99 F.3d 911, 921–22 (9th Cir. 1996) (internal citations omitted).

Here, to allow Plaintiff's damages claim for compensation for a loss of liberty, separate and apart from his claim for emotional distress damages for the same conduct, would run afoul of both *Carey* and *Memphis School District*. Plaintiff's damages claim for loss of liberty would require the jury to speculate about the inherent value and importance of its constitutionally protected status—an outcome explicitly barred by *Memphis School District*. Moreover, *Carey v. Piphus* only allows presumed damages for a constitutional violation when it is difficult to prove damages but Plaintiff hasn't presented any arguments explaining why his lack of outdoor exercise would lead to great difficulty in proving damages. In fact, this seems like an area where the emotional damages can be sensible and reasonably explainable. And, even if I were to allow the presumed damages theory for loss of liberty to go forward, the case law is clear that a plaintiff can't recover both presumed damages and compensatory damages for an actual injury. In *Trevino*, the Ninth Circuit affirmed a district court decision to not include a presumed damages instruction because

Page 4 – OPINION AND ORDER

the plaintiff "ably presented evidence and argued to the jury that she was entitled to compensatory damages for emotional harm." 99 F.3d at 922. The court in *Trevino* said that a presumed damages instruction was not mandated under the logic of *Carey v. Piphus*. *Id.* The same situation is present here: Mr. Tarabochia has argued for emotional distress damages for the jail's failure to provide reasonable access to outdoor recreation opportunities or otherwise meaningful recreation opportunities in violation of the Fourteenth Amendment. Just like in *Trevino*, there is no reason to think presumed damages are appropriate, and under the logic of *Carey*, I decline to include them in the jury instructions.

With respect to plaintiff's assessment of *Hazle v. Crofoot*, that case held that a plaintiff is entitled to compensatory damages as a matter of law when he suffers an actual injury. 727 F.3d 983, 992 (9th Cir. 2013). However, I find *Hazle* and the logic of its cited cases to be readily distinguishable and don't think it requires instructing the jury to award plaintiff damages for his alleged loss of liberty.

First, even if loss of liberty was an independent compensable actual injury apart from emotional distress or physical injuries, there is no loss of liberty analogous to what was discussed in *Hazle* in Mr. Tarabochia's case. *Hazle* involved a plaintiff who was imprisoned after refusing to attend a religious drug treatment program and the imprisonment was without a doubt a loss of liberty issue. *Id.* at 986. The other cases cited by *Hazle* are also about clear loss of liberty issues such as being placed in solitary confinement or being placed in segregation and not about a lack of outdoor exercise while an individual is incarcerated as in the case of Mr. Tarabochia. *See H.C. ex rel. Hewett v.*

Page 5 – OPINION AND ORDER

*Jarrard*, 786 F.2d 1080, 1087–88 (11th Cir. 1986) (rejecting an award of merely nominal damages to a juvenile who was unlawfully placed in solitary confinement); *see also Trobaugh v. Hall*, 176 F.3d 1087, 1088–89 (8th Cir. 1999) (rejecting nominal damages when a plaintiff suffered by being placed in segregation in retaliation for exercising a constitutional right.).

Second, *Hazle* applied the rule that compensatory damages are mandatory when an actual injury is beyond dispute. 727 F.3d at 921–22. Actual injury in that case was not simply a constitutional violation but rather the improper incarceration that led to plaintiff's loss of liberty. *Id.* at 991. Here, by contrast, the constitutional claim turns on whether defendants' actions amounted to punishment of Mr. Tarabochia, which establishes the constitutional violation. But whether that violation yields an actual injury is not beyond dispute and the injury is certainly not a loss of liberty. The injury would be exactly what Mr. Tarabochia has pled all along: emotional distress resulting from his conditions of confinement. Therefore, a constitutional violation is not enough to establish an actual injury beyond dispute in Mr. Tarabochia's case.

For the reasons I've mentioned, I don't find instructing the jury to award damages for loss of liberty to be appropriate in this case. Such an instruction would either invite the jury to speculate about the value of a constitutional right in violation of *Memphis School District*, or invite the jury to award presumed damages even when damages aren't hard to calculate in violation of *Carey*. *Hazle* doesn't provide sufficient support for Plaintiff's request and is distinguishable on several levels. Consequently, I find it appropriate to keep the jury instructions as is unless the parties have any other objections.

Page 6 – OPINION AND ORDER

## CONCLUSION

The parties' objections to the Court's final jury instructions are noted and overruled.

IT IS SO ORDERED.

Dated this 6th day of February, 2019.

*Ann Aiken*
Ann Aiken
United States District Judge