IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LOREN CHRISTOPHER TARABOCHIA, | Case No. 6:11-cv-00547-AA<br>**OPINION AND ORDER** |
| Plaintiff, | |
| v. | |
| CLATSOP COUNTY, et al., | |
| Defendants, | |

AIKEN, District Judge:

Defendants, Thomas Bergin, Clatsop County, and Paul Tesi, as prevailing parties, have timely filed a Bill of Costs (doc 189) with this Court following jury trial in this matter. For the reasons set forth below, the Court DENIES defendants' costs.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "Costs" taxable under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821." *Twentieth Century Fox Film Corp. v. Entm't*

Page 1 – OPINION AND ORDER

*Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005), (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

While Rule 54 creates a presumption in favor of awarding costs to the prevailing party, District Courts may refuse to award costs based on the circumstances of a case. *See Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 591-93 (9th Cir. 2000). This discretion is not unlimited, and a District Court must specify reasons for its refusal to award costs. *Id.* at 591. There are several appropriate considerations for the Court to weigh, including:

> "(1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party, (3) the chilling effect on prospective litigants; (4) whether the case involves issues of substantial public importance, specifically educational quality, interracial disparities in economic opportunity, and access to positions of social influence; (5) great economic disparity between the parties; (6) whether the issues in the case are close and difficult; and (7) whether Plaintiff's' case, although unsuccessful, had some merit."

*Jefferson v. City of Fremont*, 2015 WL 1264703, at *2 (N.D. Cal. Mar. 19, 2015) (internal citations omitted)

## DISCUSSION

Defendant's seek costs in the amount of $1,047.90. Several of above listed factors, however, weigh in favor of denying costs.

First, the Court finds that plaintiff has limited financial resources. Awarding costs has been found to be an abuse of discretion where a plaintiff was "incarcerated, unemployed, had no bank account, assets, or other income, and owned thousands of dollars in restitution." *Van Patten v. Washington Cty. by & through Washington Cty. Sheriff's Office*, 2017 WL 3671252, at *2 (D. Or. Aug. 24, 2017) (citing *Draper v. Rosario*, 836 F.3d 1072, 1089 (9th Cir. 2016)) Plaintiff is incarcerated in the State of Oregon and will remain so for some time. The Court also has previously recognized the limited nature of plaintiff's resources when it granted him *In*

*Forma Pauperis* status and appointed *pro bono* counsel to aid in trying this case. Relatedly, the Court also finds that there is significant economic disparity between the parties. An incarcerated person with no savings or real property has substantially more limited resources than does County of Clatsop and its officers.

Likewise, the Court must also consider the chilling affect that awarding costs might have on future actions as well as the importance of the issues raised in this lawsuit. This is primarily a civil rights action brought pursuant to 42 U.S.C. § 1983 to vindicate the constitutional rights of plaintiff and other pretrial detainees. The Ninth Circuit has noted that "[w]ithout civil rights litigants who are willing to test the boundaries of our laws, we would not have made much the progress that has occurred in this nation since *Brown v. Board of Educ.*" *Stanley v. Univ. of S. California, 178 F.3d 1069, 1079 (9th Cir.1999)* The treatment and conditions of confinement of incarcerated Americans is an issue of national importance, and the obstacles to litigate those issues are felt acutely by those still serving in-custody sentences. Indeed, this case was filed in 2011 and has been the subject of much briefing and discovery as well as one successful appeal before trial.[1] The Court finds that awarding costs here would discourage prospective civil rights plaintiffs from taking on the significant burden of litigating these important issues.

The close, important issues presented in this lawsuit and plaintiff's limited financial resources are sufficient for the Court to exercise its discretion pursuant to Rule 54(d) to refuse to award costs here.

///

///

---

[1] That the Ninth Circuit reversed this Court's Order which granted summary judgment in favor of defendants on all claims and dismissed this case also persuades the Court the closeness and merits of the issues raised by plaintiff weigh in favor of denying costs.

Page 3 – OPINION AND ORDER

## CONCLUSION

For the reasons set forth above, defendants Bill of Costs (doc. 189) is DENIED.

IT IS SO ORDERED.

Dated this __19__ day of July 2019.

_____
Ann Aiken
United States District Judge